UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - -x

UNITED STATES OF AMERICA                :

     - against -                      :        ORDER
                                                                                               97-CR-817-1 (DC)
                                                                                               16-CV-4453 (DC)

FRANCISCO MAISONET,                     :
         Defendant.

- - - - - - - - - - - - - - - - - -x

**CHIN, Circuit Judge:**

        On August 27, 1999, defendant Francisco Maisonet pled guilty, pursuant to a plea agreement, to: (1) one count of participating in a racketeering enterprise, in violation of 18 U.S.C. § 1962(c) ("Count Two"); (2) two counts of conspiracy to commit murder in aid of racketeering, in violation of 18 U.S.C. § 1959(a)(5) ("Count Four" and "Count Five"); and (3) one count of using a firearm in relation to and in furtherance of a crime of violence, in violation of 18 U.S.C. § 924(c) ("Count Eleven"). On December 13, 1999, I sentenced him to 45 years' imprisonment.

        Maisonet now moves pursuant to 28 U.S.C. § 2255 to vacate, set aside, or correct his sentence on the ground that Count Eleven relied on a definition of "crime of violence" that the Supreme Court has struck down as "unconstitutionally vague." *See United States v. Davis*, 139 S. Ct. 2319, 2324 (2019).

Specifically, he asks the court to vacate the judgment of conviction for Count Eleven, order a supplemental presentence report, and schedule a plenary resentencing.

The Government agrees that Count Eleven should be vacated and dismissed due to *Davis*. *Id*. It disagrees, however, that plenary resentencing is warranted. Instead, the Government asks that I vacate the judgment of Count Eleven and eliminate the portion of Maisonet's sentence that is attributable to that count. For the following reasons, I agree with the Government.

When I sentenced Maisonet in 1999, the parties had stipulated to the 45-year sentence. Their stipulation was based on the statutory maximum for each count, as follows: (1) 20 years' imprisonment on Count Two; (2) ten years' imprisonment on Count Four; (3) ten years' imprisonment on Count Five; and (4) five years' imprisonment on Count Eleven. With a total offense level of 51 and a Criminal History Category of V, but for the statutory maximums, the Guidelines range would have been life imprisonment. The Guidelines were mandatory at the time, and I accepted the stipulation and sentenced Maisonet to 45 years' imprisonment. It now makes sense to simply vacate Count Eleven and shorten Maisonet's sentence by the five years attributable to that count.

To the extent I have discretion to order a plenary resentencing, I decline to do so. Although Maisonet appears to

have done well in prison, he was responsible for four murders in furtherance of a large-scale narcotics operation that he directed. There is no reason to go below the agreed-upon sentence of 40 years' imprisonment for the remaining counts. Plenary resentencing is DENIED.

Accordingly, I GRANT Maisonet's § 2255 motion, and VACATE the conviction as to Count Eleven. Count Eleven is DISMISSED. I will file an amended judgment reflecting this order.

SO ORDERED.

Dated:  New York, New York
        December 17, 2019

_____
DENNY CHIN
United States Circuit Judge
Sitting by Designation

To: S. Isaac Wheeler, Esq.
    Federal Defenders of New York
    52 Duane Street
    10th Floor
    New York, NY 10007

    Sidhardha Kamaraju, Esq.
    United States Attorney's Office, S.D.N.Y.
    One Saint Andrew's Plaza
    New York, NY 10007